\*WATERMAN V. WATERMAN.

1. QUITCLAIM DEEDS TO PARTITION INHERITED PROPERTY DO NOT CHANGE NATURE OF TITLE.

Where a family, having inherited certain real estate, by a mutual agreement made an amicable partition, in which the heirs joined in quitclaim deeds to each other, in which deeds the names of the husbands of the heirs were inserted with the heirs, the heirs took title by inheritance, the deeds and par-

---

\* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, 57 Ohio St., 659 [50 N. E. Rep., 1135].

*Albery & Dillon*, for defendants in error, cited: Farmers & Merchants Natl. Bank v. Wallace, 45 Ohio St., 152 [12 N. E. Rep., 439]; Tabler v. Wiseman, 2 Ohio St., 207; McBain v. McBain, 15 Ohio St., 337 [86 Am. Dec., 478]; Youngs v. Heffner, 36 Ohio St., 232.

tition proceedings being the means adopted to sever the tenancy in common.

2. SUCH DEEDS, INCLUDING HUSBANDS OF HEIRS AS GRANTEES, OF NO EFFECT AS TO THEM.

Such facts, the insertion of the husbands' names being a mistake of the scrivener, do not show an intention to invest the husbands with title to any part of the property. Under circumstances stated they held an undivided one-half of the property in trust for their wives, and upon the death of the latter the property descends to their heirs.

3. POSSESSION BY HUSBAND NOT ADVERSE.

Under such circumstances the occupation of the premises by the husband of one of the heirs, during her lifetime, was not adverse.

A family by the name of Anderson, having inherited certain real[1] estate in Franklin county, in 1855, by a mutual agreement had an amicable partition made, in which the various heirs and their consorts joined in quitclaim deed to each other. One of these Andersons, to-wit, Rebecca Ann, had married a man by the name of Waterman, but when the quitclaim deed by the other heirs was made, they inserted in as grantees, not only Rebecca Waterman, who was the sole owner, but also her husband's name. The same kind of a deed was made to the other female heirs, to-wit: Their husbands' names were inserted with them, as grantees in the deed. Waterman and his wife lived on this place and used and occupied the same until a year or two before the commencement of this action, when Mrs. Waterman died. Her husband claimed under the deed to be entitled to one-half of the property and also his dower in his wife's one-half. The children of Mrs. Waterman claimed that she was the equitable owner of the entire tract.

This day this cause came on for hearing, upon the petition of the plaintiff filed herein January 22, 1894, the answer and cross-petition of Charles F. Waterman, and others filed herein March 14, 1894, and the supplement and amendment thereto filed July 6, 1894; the answer of Edward Waterman, Clarence Waterman and Mabel Waterman, infants, by their guardian *ad litem* filed March 18, 1895; the answer of Herbert Waterman, Florence Waterman, Walter Waterman and Harold Waterman, infants, by their guardian *ad litem* filed March 23, 1895; the answer and cross petition of Ida M. Watewman filed March 23, 1895, and the second amended reply of the plaintiff filed March 30, 1895, and was heard upon said pleadings, the exibits and the testimony, and was argued by counsel and submitted to the court, and upon consideration thereof and being fully advised in the premises, the court doth find from the evidence the following facts and the law governing the same, as follows, to-wit:

First: Rebecca Ann Waterman took title to the forty-five acres in dispute by inheritance. The deeds and partition proceeding being the means adopted to sever the tenancy in common and set apart separate tracts to each.

Second: That in the execution and exchange of the deeds and the election in partition, there was no intention on the part of the plaintiff and his deceased wife to make a gift or advancement to the plaintiff.

Third: The insertion of the plaintiff's name in said deed from the Andersons, and in the election confirmed by the court, was the mistake of the scrivener drawing the deed and furnishing the entry of confirmation. The occupation of said premises by the plaintiff during the lifetime of Rebecca Ann Waterman, his wife, was not adverse.

Fifth: The improvement of the estate by the plaintiff was made with knowledge on his part of the facts supporting the title of his wife, Rebecca Ann Waterman. From these facts so found, and arising from the attending circumstances, it follows, as a matter of law, and the court find that Rebecca Ann Waterman was seized in fee not only of the legal title of undivided half of the forty-five acre tract, but also of the beneficial interest in the other half, and that A. Frederick Waterman only held the title to the undivided one-half thereof in trust for said Rebecca, and so the title remained until the death of said Rebecca when it descended to the defendants as her heirs at law. To each and all of which findings of fact and conclusions of law the plaintiff excepts. It is now, therefore, ordered and adjudged that the partition be and the same is hereby denied. To which judgment of the court the plaintiff excepts. And it is now further considered and adjudged that the plaintiff, A. Frederick Waterman, make, execute and deliver to the defendants, Mary E. Waterman, Emma L. Waterman and Alfred G. Waterman, children of Rebecca Ann Waterman, deceased, and to Edward Waterman, Clarence Waterman, Mabel Waterman, Herbert Waterman, Florence Waterman, Walter Waterman and Harold Waterman, children and heirs at law of Charles F. Waterman, deceased, who was a son of the said Rebecca Ann Waterman, a good and sufficient deed or deeds of quitclaims, conveying to said defendants a fee simple title to the undivided one-half of the said forty-five acres of land described in the petition subject to his rights of dower therein, and that in default thereof for a period of thirty days from the date of this decree, that it operate and stand as such conveyance. Said forty-five acre tract of land is described as follows, to-wit: Situated in the county of Franklin, state of Ohio, and in Franklin township, and being forty-five acres of land off from the east side of the tract estimated to contain sixty-six acres adjoining on the east the farm known as the John Anderson homestead farm, said sixty-six acre tract being the same conveyed by John Anderson to his sons Robert, Joshua, and J. Redding Anderson, by deed dated May 30, 1836, and being the same forty-five acres of land quitclaimed and released to Rebecca Ann Waterman, and A. Frederick Waterman, by deed dated December 24, 1855, by J. Redding Anderson and others, and appearing of record in deed book, 84 page 92, Franklin county deed record. To all of which orders, judgments and decree of the court the plaintiff excepts. The said deed or deeds of quitclaim to be executed by the said A. Frederick Waterman shall convey the undivided three-fourths of the undivided one-half of the said forty-five acre tract subject to the dower estate therein to the said Mary E. Waterman and Alfred G. Waterman, jointly, so that each may take an undivided one-third of said three-fourths, and that he execute and deliver to the seven children of Charles F. Waterman, deceased, hereinbefore named, a deed for the remaining undivided one-fourth of his said undivided one-half in said forty-five acres, conveying to them jointly, so that each of said seven children shall take an undivided one-seventh of said undivided one-fourth so conveyed, subject to the right of dower of the said Ida M. Waterman, as the widow of Charles F. Waterman, deceased, in the said undivided one-fourth so conveyed.